SUPERIOR COURT
OF THE
STATE OF DELAWARE11

CRAIG A. KARSNITZ
JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

June 3, 2019

Adam F. Wasserman, Esquire
Ciconte Serba LLC
1300 King Street
P.O. Box 1126
Wilmington, DE 19899

Linda L. Wilson, Esquire
Marshall Dennehey Warner
Coleman & Goggin
1007 N. Orange Street
Suite 600
Wilmington, DE 19899

RE: ***Ida Warren v. Amstead Industries, Inc.,***
<u>C. A. No. S18A-08-002 CAK</u>

**Submitted: May 28, 2019**
**Decided: June 4, 2019**

Dear Counsel:

By Opinion dated April 23, 2019 I reversed the decision of the Industrial Accident Board. I did so because I found the Board process to be in violation of Board Rules and principles of due process. In short I determined that the Board decided the case by addressing and resolving an issue that was not fairly raised in the pleadings. Because claimant succeeded on appeal I am required by

Delaware Workers' Compensation Law to consider claimant's application for attorney's fees for work on the appeal.[1]

I asked counsel to submit letter memoranda addressing the attorney's fee issue, and they have done so. The matter is ripe for resolution.

Section 2350 (f) gives me substantial discretion to award attorney's fees to a successful claimant on appeal from the Board. I have discretion to allow a reasonable fee where the claimant's position in the hearing before the Board is affirmed on appeal. I "affirmed" the position taken by claimant concerning the lack of proper pleading on the primary issue upon which the Board decided the case. The only limit to the fee award is that it be reasonable.

As it has seemed with all issues in this case the parties are in substantial and unfortunately, liverish disagreement. Claimant asks that I award almost $62,000 in fees, and supports the request with an affidavit testifying to a time expenditure of 225 hours,[2] and an hourly rate of $275.00. Employer asserts emphatically that I should exercise my discretion and award nothing. In addition in a footnote in its letter addressing attorney's fees, Employer seems to reargue my decision.

---

[1] 19 _Del. C._ §2350 (f)

[2] This includes 20 hours spent in pursuing the claim for attorney's fees.

2

Claimant's position was accepted by me, and my decision will result in another hearing before the Board. It is exactly this circumstance which to me justifies an award of attorney's fees to a Claimant. The rub is what is reasonable.

The seminal case in awarding fees to a workers' compensation Claimant is *General Motors Corp. v. Cox.*[3] In *Cox* the Delaware Supreme Court articulated the following factors to consider, most of which come from the Delaware Rules of Professional Conduct:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
>
> (2) the likelihood that acceptance of the case would preclude other employment opportunities for the attorney.
>
> (3) fees customarily charged in the community for similar legal services.
>
> (4) the amount involved and the results obtained.
>
> (5) time limitations imposed by the client or by the circumstances.
>
> (6) the nature and length of the professional relationship.
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services.
>
> (8) whether the fee was fixed or contingent.

---

[3] 304 A.2d 55 (Del. 1973) ("*Cox*")

(9) the employer's ability to pay.

(10) whether Claimant's counsel has or expects to receive compensation from any other source.

As I believe I am required I will address each factor. Before doing so I comment as to the overall approach. To me an award of attorney's fees has a substantial subjective element. The question I address is what is fair to all. I view the issue holistically and not the individual parts, or in any formulaic way.

I consider one other issue raised by the parties. Claimant raised three issues in her appeal. She prevailed on the pleadings issue, I declined to rule on one issue finding it unnecessary to do so, and in *dicta* I opined that Claimant was wrong and the Board was correct on a third issue. The batting average was one for three, but the result was a reversal of the Board decision.

The subsidiary question is whether fees should be awarded for work on all issues or only the one on which Claimant was successful. Two cases bear upon this question. In *Digiacomo v. Board of Public Education*[4] our Supreme Court reversed a decision which reduced the fee because Claimant "lost" one of the issues. *Digiacomo* involved an Employer appeal in which, of course, the Employer framed the issues. The Claimant necessarily had to respond to the issues and succeeded in obtaining an affirmance of the Board award. The

---

[4] 507 A.2d 542 (Del. 1986)

4

Supreme Court under the above-described circumstances felt the reduction of the fee to reflect the "loss" of an issue was error.

By contrast in *Pollard v. The Placers, Inc.*[5] the Claimant appealed, controlled the issues and the Court affirmed an award of fees based upon an issue analysis. The Court also approved viewing the result achieved in the context of the issues won.

I am of the opinion that the *Placers* solution is the applicable one. The reversal here results in a new hearing, not a monetary award. More importantly I completely rejected the third issue raised which dealt with a claim of violation of discovery rules, of perjury, and other ethical issues. As I said in my initial opinion the arguments on the last issue shed far more heat than light and were not helpful.

The second issue I found unnecessary to address other than in passing.

As a result I give full credit in my fee analysis as to the first issue, little credit as to the second, and none as to the third.

### The Cox Factors

(1) Time, labor and skill

---

[5] 703 A.2d 1211 (Del. 1997)

Claimant's counsel has submitted an affidavit telling me he spent 225 hours litigating the appeal, a gracious plenty. Most of that time (187 hours) was spent on the briefs. I have no delineation by issue. By reviewing the briefs it appears to me that the greater portion of time was spent on the third issue.

I am also of the view that the issue upon which Claimant prevailed was not particularly novel or complex. The question was a fairly standard issue of pleading and notice. Without meaning to in any way impugn the quality of effort, of either attorney, I find the issue was within the ken of a good law student or young attorney.

I also find that Claimant's attorney properly and professionally handled the issue which led to Claimant's success on appeal. The attorney's fee affidavit also told me Claimant's hourly rate for similar matters is $275.00 per hour. This rate is well within the bounds of reason and the norm for the legal market.

(2)   Preclusion of other employment

Preclusion of other employment played no role in this case.

(3)   Fees customarily charged

Workers' compensation cases are typically handled on a contingent basis, as Claimant's attorney handled this one. In assessing fees the Court

6

typically either awards fees or at least reviews them based upon an hourly rate. Here without any particular explanation Employer asserts the hourly rate seems "about" $100.00 per hour too high. While this is my only professional association with Claimant's counsel, before me he was prepared, professional and competent. Based on other similar cases and my experience I am of the opinion that the hourly rate is reasonable.

       (4)   Amount involved/results obtained

Claimant's total disability payments[6] were at issue. Employer sought to terminate the benefits. Undoubtedly the money received by Claimant was critical to her financial well-being. While we know the weekly payment, the duration is indeterminate. The result in this case does not, however, grant the benefits to Claimant. It gives her the right to continue in her opposition to Employer's petition to terminate them, a significant, but unquantifiable benefit.

       (5)   Time Limitations imposed by the case

The parties agree this factor has no relevance.

       (6)   Nature and Length of the relationship with the client

Claimant has had a professional relationship with the firm requesting the fee for eight and a half years with respect to her workers' compensation claim.

---

[6] Pursuant to 19 _Del. C._ §2324

7

The conclusion I reach is the relationship is stable and satisfactory.

(7)   Experience, reputation and ability of the lawyer

The firm with which Claimant's current attorney works is experienced and well-known. Claimant's attorney has been a member of the bar for six and a half years and tells me he is experienced in workers' compensation litigation. His performance before me was professional and competent. I have had no other experience with him.

On this subject Employer takes the opportunity to disparage Claimant's attorney's work citing examples of purported failings. One can only know another's abilities through contact and reputation. Before me Claimant's counsel performed professionally and skillfully. The criticisms lodged are not helpful to resolution of the issue.

(8)   Fixed or contingent fee

The fee arrangement with Claimant is based upon a contingency percentage of the amount recovered. Contingency fee arrangements are the norm. However, the relationship between Claimant and her attorney provides little help in assessing fees as the responsibility of the Employer. A contingent fee arrangement does cause risk to counsel and is a consideration.

(9)   Employer's ability to pay

I have been provided no information on this factor.

(10)  Whether counsel has received compensation from another source

Claimant's counsel tells me he has not received compensation for the work for which he is now seeking payment.

## Analysis

A great deal of subjectivity is necessarily a part of any fee award. Here I find that Claimant's counsel was successful in pursuing an appeal which gave Claimant a chance to preserve her right to total disability payments. The appeal does not, however, garner a specific monetary benefit to Claimant. The Board will have to determine if disability payments will continue.

In addition I have determined that much of the time and effort on appeal was over an issue which was not relevant to the decision. To me the "third" issue, concerning discovery disputes and alleged perjury, were more a result of the parties' petulance than about advancing the case. As noted in my issue analysis Claimant controlled the issues. I give no credit for that effort.

Finally, I reject any formalistic approach, i.e. number of hours times hourly rate. I consider the hours and rate as only a factor as *Cox* tells me to do. I place emphasis on the important, but financially limited benefit achieved, and the straight forward issue upon which that benefit was based. I also give substantial credit for the professional effort addressing that issue.

Taking all the factors into consideration I award Claimant the sum of $15,000.00 in attorney's fees, and her costs of $1,109.95. To me it bears repeating that this, as all fee assessments, has a large subjective element. I am of the view

10

this assessment is fair under all the circumstances.

To the extent an order is needed to effectuate this opinion, IT IS SO ORDERED.

Very truly yours,

Craig A. Karsnitz

CAK/lml

cc:     Prothonotary

FILED PROTHONOTARY
SUSSEX COUNTY
2019 JUN -4 A 10: 06

11